Mark B. Chassman, SBN 119619
Email: mchassman@chassmanseelig.com
Ana Vasquez, SBN 231903
Email: avasquez@chassmanseelig.com
CHASSMAN & SEELIG, LLP
11766 Wilshire Boulevard, Suite 270
Los Angeles, CA 90025
Telephone: (310) 929-7192
FAX: (310) 929-7627

Attorneys for Plaintiff
TheBrain Technologies, LP

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TheBrain Technologies, LP,<br><br>            Plaintiff,<br><br>    v.<br><br>XMind Ltd.,<br><br>            Defendant. | Case No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br>**DEMAND FOR JURY TRIAL** |

      Plaintiff TheBrain Technologies LP ("TheBrain") brings this action against defendant XMind Ltd. ("XMind") and hereby alleges as follows:

**COMPLAINT FOR PATENT INFRINGEMENT**

## THE PARTIES

1.    TheBrain is a limited partnership organized and existing under the laws of California having a principal place of business in 11522 W. Washington Blvd., Los Angeles, California 90066.

2.    TheBrain provides software solutions that enable users to organize information in graphical diagrams such as mind maps. In particular, TheBrain makes, offers and sells software products and services, including "TheBrain," "TeamBrain," "TeamBrain Server," and "TheBrain Cloud Services," which allow the user to integrate various types of data and transform them into graphical diagrams through the use of an innovative and user-friendly interface.

3.    TheBrain is widely recognized as one of the industry leaders in mind mapping software, with clients ranging from Fortune 100 companies to major research institutions. In addition, media channels such as PCWorld and Entrepreneur have featured and praised TheBrain's products and services. TheBrain has and continues to develop and offer high quality products and services for individual and enterprise users alike.

4.    XMind is a corporation organized and existing under the laws of China having a principal place of business at Room 1301, Bank of America Tower, 12 Harcourt Road, Central Hong Kong, Hong Kong S.A.R., China.

## JURISDICTION AND VENUE

5.    This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. This Court accordingly has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2202.

6.    This Court has jurisdiction over XMind because XMind does business in the State of California and this District, contracts to supply goods or services within the State of California and this District, has continuous and systematic business contacts within the State of California and this District, derives substantial revenue from interstate commerce from goods used or services

2

rendered in the State of California and this District, and/or commits and has committed acts of patent infringement either within the State of California and this District, or outside the State of California and this District with a reasonable expectation that such acts would have consequences within the State of California and this District.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1400(b), and 1404(a).

## FACTS

### *The '736 Patent*

8.    On December 26, 2000, U.S. Patent No. 6,166,736 (the "'736 Patent"), entitled "Method and apparatus for simultaneously resizing and relocating windows within a graphical display," a copy of which is attached hereto as Exhibit A, was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Harlan M. Hugh as inventor.

9.    TheBrain is the owner of the '736 Patent by assignment, having received all right, title, and interest of the '736 Patent from TheBrain Technologies Corporation and its wholly owned subsidiary Natrificial, LLC.

10.    TheBrain's CEO Harlan Hugh is the inventor of the '736 Patent, and its technology is embodied across several of TheBrain's products and services.

11.    The '736 Patent identifies and sets out to solve technological problems that arise out of and that are unique to computer display devices and graphical user interface systems, including technological challenges that at the time significantly limited the available "screen real estate" within a computer's display device and failed to enable users adequately to switch and/or simultaneously view the contents loaded onto such display device. ('736 Patent 1:39-60) As such, the claimed invention of the '736 Patent provides a graphical user interface splitting system directly related to the graphical user interface's structure which improves utilization of screen real estate and increases ease of

**COMPLAINT FOR PATENT INFRINGEMENT**

accessing multiple window displays loaded within the same computer display device. ('736 Patent 2:55-62)

12.    TheBrain has continuously and consistently marked the '736 Patent on products and services that embody the claimed technology of the '736 Patent.

### *XMind's Infringing Systems and Services*

13.    XMind makes, uses, sells, and/or offers to sell various software applications including, but not limited to, the "XMind" application (the "Accused Product").

14.    The Accused Product provides to users mind mapping and brainstorming software, including but not limited to, software productivity tools that generate mind maps, GANTT charts, and business charts.

15.    To provide these services to users, the Accused Product utilizes numerous windows, or panels, that make up the user interface ("UI") of the Accused Product. The UI for each of the products include indicia, such as tabs, representing the windows or panels and further includes at least one mechanism for splitting the UI in response to user interactions with said indicia. For example, the Accused Product allows users to drag tabs within the user interface and rearrange the layout of windows associated with the tabs in response to dragging the tabs.

16.    XMind markets, sells, and offers to sell the Accused Product to, without limitation, individual users, academic institutions, research organizations, government agencies, and various corporations.

17.    XMind provides mind mapping tools, through the Accused Product, to enterprise and government customers such as The Hewlett-Packard Company, Rovio Entertainment, Ltd., Accenture PLC, and Cytegic, Ltd. ("Customers").

18.    A detailed description of how the Accused Product infringes an exemplary claim of the '736 Patent is attached as **Exhibit B**, which is incorporated by reference herein in its entirety.

**COMPLAINT FOR PATENT INFRINGEMENT**

*XMind's Knowledge of TheBrain and the '736 Patent*

19.     On May 10, 2016, TheBrain, through its counsel, formally notified XMind CEO Brian Sun via letter that products made, used, sold, or offered for sale by XMind, including the Accused Product, infringed the '736 Patent. Upon information and belief, XMind received the May 10, 2016 letter on or about May 17, 2016.

20.     Since becoming aware of the '736 Patent at least as early as May 17, 2016, XMind continued to make, use, sell, and offer to sell the Accused Product to customers, thereby willfully infringing the '736 Patent.

## COUNT 1

21.     TheBrain repeats the allegations contained in the preceding paragraphs 1 through 20 as though fully set forth herein.

22.     Upon information and belief, XMind has in the past infringed and continues to infringe the '736 Patent, directly and/or by contributory infringement and/or by inducement of infringement, by making, using, selling and/or offering to sell, in this judicial district and elsewhere, the Accused Product, including "Xmind," which embodies the patented invention of the '736 Patent.

23.     Pursuant to 35 U.S.C. § 271(a), XMind is liable for direct infringement of the '736 Patent by having made, used, offered to sell, or sold and continuing to make, use, sell and/or offer to sell the Accused Product. XMind's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Accused Product that embodies the patented invention of the '736 Patent. XMind has contracted to sell and have sold the Accused Product (in configurations generally similar to the allegations previously made herein) to, *inter alia*, Customers. XMind continues to make, use, sell, offer to sell, and/or import Accused Product despite having knowledge of the infringement of the '736 Patent as discussed *supra*.

**COMPLAINT FOR PATENT INFRINGEMENT**

24.     Pursuant to 35 U.S.C. § 271(b), XMind is liable for inducement of infringement by having, and continuing to, knowingly cause (or intend to cause) the direct infringement of the '736 Patent by users of the Accused Product.

25.     Pursuant to 35 U.S.C. § 271(c), XMind is liable for contributory infringement of the '736 Patent by having sold or offered to sell and continuing to sell or offer to sell the Accused Product, and the components thereof, that comprise a material component of the invention embodied in the '736 Patent, that are especially made or adapted for use in infringing the '736 Patent, and that are not suitable for any substantial non-infringing use having knowledge that the '736 Patent was/is being directly infringed by users.

26.     Upon information and belief, XMind's infringement of the '736 Patent is willful, deliberate, and intentional by continuing its acts of infringement with knowledge of the '736 Patent and thus acting in reckless disregard of TheBrain's patent rights.

27.     As a result of XMind's acts of infringement of the '736 Patent, TheBrain has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

28.     Unless an injunction is issued enjoining XMind and their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them from infringing the '736 Patent, TheBrain will suffer irreparable injury for which there is no adequate remedy at law.

/ / /

/ / /

/ / /

**COMPLAINT FOR PATENT INFRINGEMENT**

**PRAYER FOR RELIEF**

WHEREFORE, TheBrain prays for judgment and relief as follows:

A.      A declaration that XMind has infringed, is infringing, has induced and is inducing, has contributed and is contributing to the infringement of the '736 Patent;

B.      A permanent injunction enjoining XMind, its officers, agents, servants, employees, affiliates and attorneys, and all those in active concert or participation with them, from further infringing, inducing infringement, and contributing to the infringement of the '736 Patent;

C.      An award of damages adequate to compensate TheBrain for the infringement of the '736 Patent by XMind and its users;

D.      A declaration that XMind's continuing infringement of the '736 Patent was and is willful, justifying a trebling of the award of damages under 35 U.S.C. § 284, or such other enhancement of the award of damages that the Court deems appropriate;

E.      An award of pre-judgment and post-judgment interest on the damages caused by reason of XMind's infringement of the '736 Patent;

F.      A declaration that this an exceptional case and that TheBrain be granted its reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285;

G.      An award of costs and expenses to TheBrain; and

H.      A grant to TheBrain of such other and further relief as the Court may deem just and proper.

Dated: May 12, 2017                    CHASSMAN & SEELIG, LLP,


                                       By: */Mark B. Chassman/*_____
                                              Mark B. Chassman
                                              Attorneys for Plaintiff
                                              TheBrain Technologies, LP

**COMPLAINT FOR PATENT INFRINGEMENT**

1

**JURY DEMAND**

2

TheBrain demands trial by jury on all claims and issues so triable.

3

4

5

Dated: May 12, 2017                    CHASSMAN & SEELIG, LLP,

6

7

By: */Mark B. Chassman/*_____

8

Mark B. Chassman

Attorneys for Plaintiff

9

TheBrain Technologies, LP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

**COMPLAINT FOR PATENT INFRINGEMENT**